EDWARD MEDINA (SBN: 204880)
MEDINA LAW GROUP
4025 Camino Del Rio S, Ste 300
San Diego, California 92108
Telephone: (619) 542-7865
Facsimile: (619) 609-0703

Proposed Attorney For
Official Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No.: 11-09428-LA11 |
| JCK HOTELS, LLC, formerly known as Mira Mesa Hotels, LLC, | **CHAPTER 11** |
| Debtor | **COMMITTEE'S OPPOSITION TO CREDITOR LBUBS 2005-C2 MIRA MESA LIMITED PARTNERSHIP'S MOTION FOR ORDER DISMISSING CHAPTER 11 CASE AND JOINDER TO DEBTOR'S OPPOSITION TO MOTION TO DISMISS** |
| | Date: September 15, 2011<br>Time: 2:00 p.m.<br>Dept.: 2<br>Judge: Hon. Louise DeCarl Adler |

-1-

-2-

The Official Committee of Unsecured Creditors (the "Committee") hereby respectfully submits the following Memorandum of Points and Authorities in Opposition to secured creditor LBUBS 2005-C2 Mira Mesa Limited Partnership's ("Secured Creditor") motion to dismiss the above captioned bankruptcy case pursuant to 11 U.S.C. §1112(b) (the "Motion").  The Committee also joins JCK Hotels', LLC, formerly known as Mira Mesa Hotels, LLC (the "Debtor") opposition to the Motion.

I.    INTRODUCTION AND STATEMENT OF THE CASE

On or about June 3, 2011, the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Petition Date").  The Debtor is a limited liability company that owns and operates two hotels in San Diego.  Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtor has continued in possession and operation of its business.

The Debtor's "Amended Schedule A" asserts that the Debtor has a fee simple ownership interest in real property commonly known as 9880 and 9888 Mira Mesa Blvd, San Diego, CA 92121 (the "Property").  The Property is listed as having a value of $19,409,000, subject to Secured Creditor's claim in the amount of $13,832,137.  Schedule D also lists one other secured creditor, Pacific Western Bank, purporting to have a claim in the amount of $558,781.00, secured by various personal property.  The Debtor's Schedule F lists a total of $339,042.47 in unsecured nonpriority claims.

On or about July 11, 2011, Secured Creditor filed its motion to dismiss the above referenced bankruptcy case, asserting, among other things, that the Debtor does not have authority to institute bankruptcy proceedings, and that the filing is in bad faith.  The Committee asserts that the Secured Creditor has failed to establish cause to grant the Motion, and therefore respectfully requests that the Motion be denied.

/ / /
/ / /
/ / /
/ / /
/ / /

Medina Law Group
4025 Camino Del Rio South, Ste 300
San Diego, CA  92108

## II. ARGUMENT

### A. DISMISSAL IS NOT IN THE BEST INTERESTS OF CREDITORS OR THE ESTATE.

11 U.S.C. § 1112(b) provides as follows:

"… on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause." For purposes of conversion or dismissal under 11 U.S.C. § 1112(b), the term 'cause' includes, among other things, substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; gross mismanagement; inadequate insurance; unauthorized use of cash collateral; failure to attend meetings or provide information; the failure to file or confirm plan; and unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable under this chapter. 11 U.S.C. § 1112(b)(4).

In this case, dismissal is not in the best interests of the creditors or the estate. The Motion does not attempt to argue that the estate or creditors would benefit by dismissal or conversion. It is clear that the only party that would benefit by dismissal in this case would be the Secured Creditor, who would than be able to foreclose on the Property. According to Secured Creditor, a nonjudicial foreclosure sale was scheduled three days after the Petition Date. If the Motion is granted, it is likely that the sale date would be reset shortly thereafter, thereby effectively eliminating any recovery for the forty-four (44) unsecured creditors with total claims of $339,042.47.

Based on the values listed in the "Schedules," a foreclosure of the Property would result in a substantial loss in equity to the estate, and would eliminate any potential for recovery to creditors as a whole. For the benefit of the estate and creditors, the Debtor should be allowed time to reorganize the business or market the Property to allow for the recovery of all creditors. Additionally, since the Secured Creditor appears to have a large "equity cushion", the Secured

Medina Law Group
4025 Camino Del Rio South, Ste 300
San Diego, CA  92108

1 Creditor will face little prejudice or financial hardship if this reorganization case moves forward.
2 The unsecured creditors however will face extreme prejudice if this Motion is granted, as
3 recovery would seem very unlikely once the Property is foreclosed and the business defunct.
4 Therefore, the Committee respectfully requests that the Secured Creditor's Motion be denied, as
5 dismissal is not in the best interests of the estate or creditors.

**B.     IT IS AGAINST PUBLIC POLICY TO WAVIE THE RIGHT TO BANKRUPTCY**

While the Committee agrees that the Secured Creditor is a "party in interest" pursuant to 11 U.S.C. §1112(b)(2), the Committee disagrees that the Debtor does not have the authority to file for bankruptcy protection. And while the Committee does not wish to readdress the same issues and concerns raised by the Debtor's opposition, the Committee does seek to reinforce the proposition that covenants not to file bankruptcy have been found universally to be unenforceable as against public policy. *In re Avalon Hotel Ptnrs, LLC*, 302 B.R. 377, 383-387 (B.A.P. 9th Cir. 2003).

Secured Creditor's reliance on the unpublished 10th Circuit case of *In re DB Capital Holdings, LLC*, No. CO-10-46, 2010 WL 4925811 (10th Cir. BAP 2011), for the proposition that a pre-petition waiver of the right to file bankruptcy is valid, fails to overrule the weight of authority and virtually universally accepted principal in bankruptcy law that such provisions are unenforceable. Particularly in light of the fact that the facts and circumstances of this case are distinguishable. First, while the Secured Creditor has standing to bring a motion to dismiss under 11 U.S.C. § 1112(b), because it is not a member of the Debtor or party to the Operating Agreement, it is questionable whether the Secured Creditor has standing to enforce a provision of the Debtor's Operating Agreement. It is important to emphasize, that in *DB Capital Holdings*, the party objection to the authority of one of the members to sign the bankruptcy petition, was another member. In this case, the party objection to the Debtor's authority to file the bankruptcy is a third party secured creditor, who had, according to the Debtor's opposition, a great deal if not total control over the terms of the Debtor's Operating Agreement. The possibility of "coercion" over or the lack of negotiating power by debtors is the primary reason bankruptcy waivers are against public policy. Thus, in this case it would appear that the Debtor had authority to file the

-4-

Medina Law Group
4025 Camino Del Rio South, Ste 300
San Diego, CA  92108

bankruptcy petition, as the provision waiving such right is void as against public policy.

## III. CONCLUSION

Based on the above, and the records and pleading in this case, the Committee respectfully requests that the motion be denied.

Dated: August 22, 2011                                  MEDINA LAW GROUP


BY:  /s/Edward Medina
Edward Medina
Proposed Attorney for
Official Committee of Unsecured Creditors

Medina Law Group
4025 Camino Del Rio South, Ste 300
San Diego, CA  92108

-5-

In re JCK Hotels, LLC                                                                 Case No. 11-09428-LA11
Committee's Opposition to Motion to Dismiss