TENTATIVE RULING

Debtor:      JCK HOTELS, LLC, FORMERLY KNOWN AS MIRA MESA HOTELS, LLC

Number:      11-09428-LA11

Hearing:     02:00 PM  Thursday, September 15, 2011

Motion:      MOTION TO DISMISS  FILED BY SUE J. HODGES ON BEHALF OF LBUBS 2005-C2 MIRA MESA LIMITED PARTNERSHIP

Motion to Convert or Dismiss **DENIED**.

1.  Although a secured creditor generally is a party-in-interest for purposes of motions under Sec. 1112(b), the better-reasoned view is that a secured creditor does not have standing to seek dismissal of the debtor's bankruptcy on the ground that the filing was not authorized by the LLC agreement.  *In re Sterling Mining Co.*, 2009 WL 2475302, *5-6 (Bankr. D. Id. 2009).  In a factual situation strikingly similar to this one, the Sterling court, relying on *Royal Indemnity v. Am. Bond & Mtg.*, 289 U.S. 165,171 (1933) [and concluding *Royal Indemnity* retained its validity notwithstanding *Price v. Gurney*, 324 U.S. 100 (1945)], stated that the underlying practical reason is that the secured creditor is not really concerned for the rights of the LLC members or any other creditors, and really has no interest in protecting these rights.  The only party with a true interest in enforcing the LLC's governing documents and raising the issue of lack of authority to act is a member.  This holding is particularly appropriate because the LLC agreement expressly denies the secured creditor the right to the benefit of or ability to enforce any provision of the LLC Agreement.

Court expressly declines secured creditor's invitation to follow the holding in *DB Capital Holdings, LLC* 2010 WL 492511.*3 (10th Cir. BAP 2011) [an unpublished decision without precedential value].  In any event, *DB Capital* does not assist secured creditor.  The motion to dismiss in that action was brought by a member of the LLC and not the secured creditor.

2.  Court declines to dismiss this case as a bad faith filing.  It is not "news" that debtors frequently file bankruptcy petitions on the eve of foreclosures.  That, in itself, is not a basis for dismissal unless other additional factors exist.  Here, it appears the "diversion" of funds complained of by secured creditor were part of an expensive renovation program undertaken at the behest of the franchisors (Holiday Inn Express and Comfort Suites).  There are no allegations of these funds being diverted for other purposes than to improve the value of secured creditor's collateral.  The claim of bad faith filing appears without merit.